UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Anna Franklin, | ) | |
| | ) | |
| Debtor. | ) | CASE NO. |
| | ) | Chapter 13 |
| ──────────────────────────── | ) | |
| | ) | |
| Anna Franklin, | ) | Adversary No. 22-43998-659 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT TO DETERMINE THE |
| | ) | EXTENT AND VALIDITY OF |
| Franklin Credit Management Corp. | ) | LIENS, CLAIMS, AND |
| | ) | ENCUMBRANCES AGAINST |
| Defendant. | ) | PROPERTY OF THE ESTATE |
| | ) | |

## **COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS, CLAIMS AND ENCUMBRANCES AGAINST PROPERTY OF THE ESTATE**

Anna Franklin (hereinafter the "Plaintiff") complains of Franklin Credit Management Corp. (hereinafter the "Defendant") and prays for entry of a judgment determining the nature, extent and validity of any claims held by any or all of the Defendants herein against property of this estate.

### **I. JURISDICTION**

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1334.

### **II. VENUE**

2. Venue of this proceeding lies in the Bankruptcy Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1409(a), in that the Plaintiff herein initiated a voluntary petition under Chapter 13 of the Bankruptcy Code on July 25, 2013 and such case is still pending as of the date of this complaint.

### **III. CORE PROCEEDING**

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(K).

### **IV. CASE FACTS**

4. On December 27, 2022, Plaintiff herein filed a voluntary petition seeking relief under Chapter 13

of the Bankruptcy Code. Diana S. Daugherty. is the trustee appointed to serve in this case.

5. On the date of the bankruptcy petition herein, the Plaintiff was the owner of the following real estate: 11320 Larimore Rd., St. Louis, MO 63033 (hereinafter the "Real Property"). As more fully described as follows:

A TRACT OF LAND IN U.S. SURVEY 112 TOWNSHIP 47 NORTH, RANGE 7 EAST AND DESCRIBED AS: BEGINNING AT A POINT IN THE SOUTH LINE OF LARIMORE ROAD, 60 FEET WIDE, DISTANT SOUTH 88 DEGREES 22 MINUTES EAST, 105.96 FEET FROM THE NORTHWEST CORNER OF PROPERTY TO HERMAN TOELLE AND WIFE BY DEED RECORDED IN BOOK 523 PAGE 18 OF THE ST. LOUIS COUNTY RECORDS; THENCE SOUTH 7 DEGREES 22 MINUTES WEST 201.92 FEET TO A POINT IN THE SOUTH LINE OF LARIMORE RD; THENCE ALONG SAID ROAD, NORTH 88 DEGREES 22 MINUTES WEST 100.20 FEET TO THE POINT OF BEGINNING.

6. Plaintiff listed the real property as having a value of $90,000 on Schedule A of her Bankruptcy Petition and Schedules.

7. Debtor obtained an Appraisal on her real property on January 23, 2023. The appraisal, a copy of which is attached hereto and incorporated by reference, states that the value of the real property is $90,000 (See Exhibit A).

8. The Plaintiff executed a First Note and Deed of Trust in favor of (what has now been assigned to) NewRez LLC d/b/a Shellpoint Mortgage Servicing for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK on or about June 30, 2006. The outstanding balance on the first mortgage was approximately $135,048.65 on the date the petition was filed with the Bankruptcy Court.

9. The Plaintiff executed a Second Note and Deed of Trust in favor of Defendant, Franklin Credit Management Corp. (as servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of BOSCO Credit VI Trust Series 2012-1) or its predecessor in interest, on or about June 30, 2006. The outstanding balance on this debt as of the filing date was approximately $35,196.89. This is the second consensual mortgage the Plaintiff granted as to the Real Property.

10. Pursuant to §§506(a), 506(d) and 1322(b)(2), the rights of a holder of a claim secured by a lien on the Plaintiffs' residence is subject to modification if the value of the property subject to the lien is less than the sum of allowed amounts of senior liens thereon. The rights of such junior lienholders are subject to modification, including treatment of their claims as general unsecured claims and the liens subject to removal upon granting of a Chapter 13 discharge.

11. The subject real property having a market value no more than $90,000 on the date of filing and being subject to valid superior liens for claims in the total amount of $135,048.65, the claim of the Defendant herein is secured by no value in excess of the superior liens. The claim of Defendant herein is not secured within the meaning of §506(a) and is subject to modification.

WHEREFORE, Plaintiff prays that this Court enter its judgment and Order avoiding the second mortgage lien/deed of trust of Defendant, that the claim be paid as an unsecured claim pursuant to Debtor's confirmed Chapter 13 Plan, that the lien in the form of a Deed of Trust attaching to the Real Property be released upon granting of a Discharge pursuant to §1328(a) and for such other and further orders as the Court deems just and proper.

Respectfully submitted,

*/s/ Timothy P. Powderly*
Timothy P. Powderly, #64092MO
11965 St. Charles Rock Rd., Suite. 202
St. Louis, MO  63044
Tel: 314-770-9890/ 314-739-1355
Tim@Powderlylaw.com
ATTORNEY FOR DEBTOR

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed electronically on February 9, 2023 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

The undersigned also hereby certifies that a true copy of the foregoing documents was served upon the following by regular mail at the addresses set forth in the exhibit which is attached hereto on February 9, 2023.

*/s/ Timothy P. Powderly*